## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CORNELL COLE,

No. 3:19-CV-00691

      Petitioner,

(Chief Judge Brann)

   v.

THERESA DELBASO,

      Respondent.

## MEMORANDUM OPINION

### OCTOBER 1, 2021

*Pro se* Petitioner Cornell Cole ("Cole") filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 seeking relief from a criminal conviction and sentence in the Dauphin County Court of Common Pleas. The petition is ripe for disposition. For the reasons that follow, the petition will be denied.

## I.   BACKGROUND

The Pennsylvania Superior Court has succinctly summarized much of the relevant factual background and procedural history.[1] In 2013, Cole was charged with several burglary and conspiracy charges in the Dauphin County Court of Common Pleas arising from eight commercial burglaries that occurred in 2013 in Dauphin, Chester, Luzerne, and Schuylkill counties.[2] The charges stemmed in large part from an investigation conducted by the Repeat Offender Proactive

---

[1]   *See Commonwealth v. Cole*, 167 A.3d 49 (Pa. Super. Ct. 2017).

[2]   *Id.* at 54.

Enforcement Division ("ROPE") of the Howard County Police Department in Howard County, Maryland.[3]  The primary purpose of ROPE, according to the Superior Court, "was to assist other criminal investigation divisions by providing covert surveillance of individuals suspected of committing crimes in or around Howard County."[4]  ROPE investigated Cole and his codefendants, and its investigation led to much of the evidence that was subsequently used to prosecute them.[5]

Following a jury trial, Cole was convicted of burglary and conspiracy with respect to the facts arising from four of the burglaries, but was acquitted with respect to the other burglaries.[6]  The court sentenced Cole to 80-180 months imprisonment on February 23, 2016.[7]

Cole appealed to the Pennsylvania Superior Court on March 18, 2016, raising nine questions for the court's review.[8]  The Superior Court affirmed the judgment of sentence on July 7, 2017.[9]  Cole filed a petition for allowance of appeal to the Pennsylvania Supreme Court, which was denied on May 22, 2018.[10]

---

[3]   *Id.* at 58.
[4]   *Id.*
[5]   *See id.* at 58-59.
[6]   *Id.* at 54.
[7]   *Id.*
[8]   *Id.* at 55.
[9]   *Id.* at 78.
[10]  *Commonwealth v. Cole*, 186 A.3d 370 (Pa. 2018).

He did not file any subsequent petitions for state collateral review under
Pennsylvania's Post-Conviction Relief Act ("PCRA").[11]

Cole filed the instant petition for writ of habeas corpus on April 23, 2019.[12]
He filed a brief in support of the petition on July 1, 2019 and Respondents filed a
response to the petition on July 2, 2019.[13]  Cole filed a reply brief in support of his
petition on August 9, 2019,[14] making the petition ripe for the Court's disposition.

## II.    DISCUSSION

Cole's petition raises four grounds for habeas corpus relief: (1) that the
Commonwealth violated his right to a speedy trial because more than 870 days
elapsed between his arrest and trial; (2) that his constitutional rights were violated
when the trial court denied his motion to suppress evidence that he asserts was
obtained in violation of Pennsylvania's Municipal Police Jurisdiction Act; (3) that
his constitutional rights were violated by prosecutorial misconduct during his trial;
and (4) that his constitutional rights were violated when the trial court denied his
motion to suppress evidence that was obtained in violation of his digital privacy
rights.[15]  Respondents argue that Cole's speedy trial argument should be denied as

---

[11]   *See Commonwealth v. Cole*, No. CP-22-CR-0002152-2014 (Dauphin Cty. filed May 1, 2014);
      *Commonwealth v. Cole*, No. CP-22-CR-0000036-2014 (Dauphin Cty. filed Jan. 6, 2014).
[12]   Doc. 1.
[13]   Docs. 8-9.
[14]   Doc. 12.
[15]   Doc. 1.

procedurally defaulted and that Cole's other arguments should be denied on their merits.[16]  I will analyze each of Cole's arguments *seriatim*.

### A.    Procedural Default

Under the procedural default doctrine, a federal court ordinarily may not consider a state prisoner's claim for habeas corpus relief if the claim has not been raised in state court in accordance with the procedural requirements of the state.[17] Therefore, "when the state court denies a claim because the prisoner failed to comply with a procedural rule, that procedural default normally bars federal courts from re-hearing the claim."[18]  In such a situation, the federal court may only reach the merits of the claim if the petitioner shows either (1) cause for the procedural default and prejudice resulting from the alleged violation of federal law or (2) that a fundamental miscarriage of justice would occur if the federal court did not consider the claim on its merits.[19]  One way in which a petitioner may establish that a fundamental miscarriage of justice would occur is if he can make "a compelling claim of actual innocence."[20]

---

[16]  Doc. 9.

[17]  *Martinez v. Ryan*, 566 U.S. 1, 9-10 (2012); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).

[18]  *Richardson v. Superintendent Coal Twp. SCI*, 905 F.3d 750, 759 (3d Cir. 2018) (citing *Harrington v. Richter*, 562 U.S. 86, 103 (2011)).

[19]  *Sweger v. Chesney*, 294 F.3d 506, 520 (3d Cir. 2002) (citing *McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir. 1999)).

[20]  *House v. Bell*, 547 U.S. 518, 522 (2006) (citing *Schlup v. Delo*, 513 U.S. 298, 319-22 (1995)).

In this case, the Superior Court found that Cole waived his speedy trial argument by failing to adequately identify the relevant errors that the trial court made.[21]  Cole does not make any arguments as to why this procedural default should be excused.  Accordingly, I will reject Cole's speedy trial argument as procedurally defaulted.

### B.    Suppression

In his second and fourth arguments for habeas corpus relief, Cole argues that the trial court erred by declining to suppress evidence that was purportedly obtained in violation of Pennsylvania's Municipal Police Jurisdiction Act[22] and Pennsylvania's Wiretap Act.[23]

These arguments plainly fail.  Claims challenging state court decisions not to suppress evidence are not cognizable in federal habeas corpus proceedings where the state has provided a full and fair opportunity to litigate the suppression issue.[24] The record reflects that Cole was given a full and fair opportunity to litigate the suppression issue before the trial court and on appeal to the Superior Court,[25] and Cole therefore cannot raise the suppression issue before this Court.  Cole's arguments also fail to the extent they argue that the trial court violated

---

[21]  *Cole*, 167 A.3d at 71-73.
[22]  *See* 42 Pa.C.S. § 8953.
[23]  *See* 18 Pa.C.S. §§ 5703, 5743, 5773.
[24]  *Stone v. Powell*, 428 U.S. 465, 482 (1976).
[25]  *See Cole*, 167 A.3d at 58-67.

Pennsylvania's Municipal Police Jurisdiction Act and Wiretap Act, because

Federal courts may not grant habeas corpus relief based on violations of state

law.[26]  Accordingly, my analysis will proceed to the merits only as to Cole's

prosecutorial misconduct argument.

## C.    Merits

This case is governed by the Antiterrorism and Effective Death Penalty Act

of 1996 ("AEDPA"), which sets standards for the review of habeas corpus

petitions brought by state prisoners.  AEDPA states in relevant part:

> **(d)** An application for a writ of habeas corpus on behalf of a person in
> custody pursuant to the judgment of a State court shall not be granted
> with respect to any claim that was adjudicated on the merits in State
> court proceedings unless the adjudication of the claim—
>
> > **(1)** resulted in a decision that was contrary to, or involved an
> > unreasonable application of, clearly established Federal law, as
> > determined by the Supreme Court of the United States; or
> >
> > **(2)** resulted in a decision that was based on an unreasonable
> > determination of the facts in light of the evidence presented in
> > the State court proceeding.[27]

The standard for obtaining habeas corpus relief under AEDPA is "difficult to

meet."[28]  Federal habeas corpus relief is meant to guard against "extreme

malfunctions in the state criminal justice systems" and is not meant to substitute

---

[26]  *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (citing *Estelle v. McGuire*, 502 U.S. 62, 67 (1991)).

[27]  28 U.S.C. § 2254(d).

[28]  *Mays v. Hines*, 592 U.S. __, 141 S. Ct. 1145, 1149 (2021) (quoting *Harrington*, 562 U.S. at 102).

for "ordinary error correction through appeal."[29]  "Federal habeas courts must defer to reasonable state-court decisions,"[30] and may only issue a writ of habeas corpus when the state court's decision "was so lacking in justification" that its error was "beyond any possibility for fairminded disagreement."[31]

Cole argues that two instances of prosecutorial misconduct entitle him to habeas corpus relief.  The first such instance occurred during opening statements, when counsel for the Commonwealth noted that ROPE's purpose was to investigate individuals who had committed prior offenses and noted that ROPE had existing dossiers on "at least two" of Cole and his two codefendants.[32]  Cole argues that this constitutes prosecutorial misconduct because it "convey[s] the impression that evidence not presented, but known to the prosecutor, supports the charges against the defendant and thus jeopardized the defendant's right to be tried solely on the basis of the evidence presented to the jury."[33]

The Superior Court considered this argument on the merits and rejected it because any prejudice suffered by Cole as a result of the purported prosecutorial misconduct was "minimal."[34]  The Superior Court noted that the discussion of

---

[29]  *Harrington*, 562 U.S. at 102-03 (citing *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979) (Stevens, J. concurring in judgment)).
[30]  *Dunn v. Reeves*, 594 U.S. __, 141 S. Ct. 2405, 2407 (2021).
[31]  *Mays*, 141 S. Ct. at 1149 (quoting *Harrington*, 562 U.S. at 102).
[32]  Doc. 8 at 35-37.
[33]  *Id.* at 37.
[34]  *Cole*, 167 A.3d at 75.

ROPE dossiers in the Commonwealth's opening statement was brief, did not refer directly to Cole or his criminal record, and did not refer to any prior bad acts by Cole.[35] At worst, the Superior Court noted, the statement would have "raised some suspicion" that Cole was previously known to ROPE, but "[g]iven the admission of far more specific prior bad acts evidence at Appellant's trial, discussed above, the prosecutor's comment could not possibly have affected the jury's verdict in any significant degree."[36]  The Superior Court further concluded that any prejudice created by the statement was mitigated by the trial court's prior bad acts jury instruction at the close of trial.[37]  I find that the Superior Court's decision on this issue was reasonable and conformed to clearly established federal law on harmless trial errors,[38] and I will accordingly deny habeas corpus relief with respect to this argument.

The second instance of purported prosecutorial misconduct occurred during closing arguments, when Cole asserts that counsel for the Commonwealth mischaracterized the testimony of Nicholas Plumley, a forensic scientist with the Pennsylvania State Police who investigated physical evidence in the case.[39]  In the

---

[35] *Id.*

[36] *Id.*

[37] *Id.*

[38] *See Brecht v. Abrahamson*, 507 U.S. 619 (1993) ("[H]abeas petitioners . . . are not entitled to habeas relief based on trial error unless they can establish that it resulted in 'actual prejudice.'" (citing *United States v. Lane*, 474 U.S. 438, 449 (1986)).

[39] Doc. 8 at 38.

relevant portion of his testimony, Plumley stated that paint chips that were found on Cole's crowbar were consistent with paint chips that were recovered from the scene of one of the burglaries.[40]  In the Commonwealth's closing argument, however, counsel stated that the paint chip from the crowbar "matched" the paint chip recovered from the scene of the burglary.[41]  Following a contemporaneous objection to this statement by defense counsel, counsel for the Commonwealth clarified the statement to the jury.[42]  Cole's counsel subsequently requested that the court give a curative jury instruction regarding this portion of the closing argument.[43]  The trial court granted this request and gave the following instruction to the jury:

> Now, one of the witnesses, the last expert that testified, the trace expert, the last witnesses that testified earlier today, the words "match" and "consistency" were sort of used interchangeably back and forth.
>
> I just wanted to make it clear, my understanding of the testimony is that the expert was saying he was able to render an opinion that certain things were consistent with that particular tool or that particular implement or something along that line.
>
> It's not the type of science where he can say it's a match like a fingerprint, that only one person has that fingerprint. It was simply his testimony ... that it was consistent. And you, the jury, may certainly consider that together with all the other evidence in this case.[44]

---

[40]  *See Cole*, 167 A.3d at 75.
[41]  *Id.*
[42]  *Id.* at 76.
[43]  *Id.*
[44]  *Id.* (omission in original).

Cole argues that this mischaracterization of Plumley's testimony constitutes prosecutorial misconduct entitling him to habeas corpus relief because it made Plumley's inconclusive testimony sound conclusive and therefore misled the jury.[45] The Superior Court considered and rejected this argument on its merits, noting that under state law, a jury is presumed to have followed the court's instructions and that Cole's appellate brief did not "discuss the curative instruction at all, let alone the prosecutor's clarification."[46]

Cole repeats that error here: he does not mention the prosecutor's clarifying statement or the court's curative jury instruction, and therefore fails to explain how he suffered any prejudice as a result of the alleged constitutional error. Accordingly, I find that the Superior Court's denial of Cole's argument was reasonable and was not contrary to clearly established federal law.

## III.   CONCLUSION

For the foregoing reasons, Cole's petition for writ of habeas corpus will be denied with prejudice.  A certificate of appealability will not be issued because no

---

[45]   Doc. 8 at 38-39.
[46]   *Cole*, 167 A.3d at 77.

reasonable jurist would disagree with my ruling or conclude that the issues

presented are adequate to deserve encouragement to proceed further.[47]

      An appropriate Order follows.


                BY THE COURT:


                *s/ Matthew W. Brann*
                Matthew W. Brann
                Chief United States District Judge

---

[47] *Buck v. Davis*, 580 U.S. __, 137 S. Ct. 759, 773 (2017) (citing *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)).